UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-18-F

| | |
|---|---|
| CHARLES L. BROWN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ORDER ) |
| CARTERET COUNTY SHERIFF'S DEPT., NEWPORT FIRE AND RESCUE, CARTERET COUNTY JAIL, OFFICER COOPER and OFFICER WILLIS, | ) ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court upon the *pro se* Plaintiff's Response [DE-60] to this court's August 18, 2010, Order [DE-59] directing Plaintiff to file a response stating whether he seeks the voluntary dismissal of this action under Rule 41(a)(2).

## I. RELEVANT PROCEDURAL HISTORY

The *pro se* Plaintiff initiated this action on January 29, 2009, alleging two claims against the named defendants under 42 U.S.C. § 1983: a claim for excessive force and (2) a claim that certain defendants were deliberately indifferent to his medical needs.

After the parties engaged in discovery, Defendants "Carteret County Sheriff's Department, "Carteret County Jail," "Office Cooper," and "Officer Willis" filed a Motion for Summary Judgment [DE-40], and Defendant "Newport Fire and Rescue" file a Motion for Summary Judgment [DE-45]. The *pro se* Plaintiff Charles L. Brown responded to the motions by filing a document captioned "Motion for Dismissal of Summary Judgment Motion now before the Court; and Plaintiff's Motion for Voluntary Dismissal of Case Without Prejudice" [DE-55].

Therein, Plaintiff asserted, *inter alia*, that he never received the notice required to be sent to *pro se* litigants pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Consequently, he moved "to dismiss" the Defendants' motions for summary judgment. In the same document [DE-55], Plaintiff also moved pursuant to Rule 41(a)(1)(A)(i) for a voluntary dismissal without prejudice. Plaintiff contended that because he had not received the *Roseboro* notice, the motions for summary judgment were not "perfected" and therefore he could obtain a voluntary dismissal without prejudice.

Defendants Carteret County Sheriff's Department, Carteret County Jail, Officer Cooper and Officer Willis filed a response to the Plaintiff's Motion, stating that the court had sent Plaintiff the required *Roseboro* notice, and that all the defendants to the action had filed answers; precluding Plaintiff's "motion" under Rule 41(a)(1)(A)(i). These defendants stated they presume Plaintiff actually is moving under Rule 41(a)(2) for a voluntary dismissal, and that they did not oppose Plaintiff's motion. Defendant "Newport Fire and Rescue" did not file a response to Plaintiff's motion.

On July 21, 2010, Plaintiff filed a "Memorandum regarding facts contained in Defendant's reply and response to plaintiff's motion for dismissal of the summary judgment motion now before the Court" [DE-58]. In the Memorandum, Plaintiff informed the court that he had, in fact, received the required *Roseboro* notices, and he asked that his motion to dismiss the motions for summary judgment be mooted. He did not address his motion for voluntary dismissal.

In the August 18, 2010 Order [DE-59], the court observed that it appeared that Plaintiff was moving for a voluntary dismissal under Rule 41(a)(2), as opposed to rule 41(a)(1)(A)(i).

The court also observed that it appeared Plaintiff's Memorandum [DE-58] did *not* withdraw his motion for a voluntary dismissal; rather, the Memorandum appeared only to withdraw Plaintiff's "motion" to dismiss the pending motions for summary judgment.

Out of an abundance of caution, however, the court ordered Plaintiff to file a response, on or before September 7, 2010, stating whether he still seeks the voluntary dismissal of this action under Rule 41(a)(2). On September 3, 2010, Plaintiff filed his Response [DE-60].

In the response, the Plaintiff states: "I still seek the voluntary dismissal of this action under Rule 41(a)(2)." Accordingly, the court will consider Plaintiff's motion for voluntary dismissal under Rule 41(a)(2).

## II. ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to move for a voluntary dismissal of an action without prejudice at any time. *Davis. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court," but generally a plaintiff's motion for voluntary dismissal without prejudice should not be denied absent substantial legal prejudice to the defendant. *Id.*

Courts generally consider the following factors when ruling on a motion for voluntary dismissal without prejudice: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006 (4th Cir. 1998)(unpublished opinion)(citing *Phillips USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Paulucci v. City of Duluth*, 826 F.2d 780,

783 (8th Cir. 1987)). "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending upon the circumstances of the case." *Id.*

Here, motions for summary judgment have been filed by all the named defendants and the *pro se* Plaintiff has not articulated a reason for the need of a dismissal. Still, three of the four defendants have expressly consented to the Plaintiff's motion, and the fourth defendant declined to respond to Plaintiff's original request to dismiss the action without prejudice. In light of this express and implied consent to Plaintiff's request for voluntary dismissal without prejudice, the court cannot find that the defendants will be legally prejudiced by allowing Plaintiff's motion.

Therefore, Plaintiff's Motion for Voluntary Dismissal Without Prejudice [DE-55] is ALLOWED, and this case is DISMISSED. All other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case and remove this matter from the court's pre-trial and trial calendars.

SO ORDERED.

This the 7th day of September, 2010.

JAMES C. FOX
Senior United States District Judge